UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MOHAMMAD AND PARVANAH MAHBOD | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 05-3266 |
| NEW YORK LIFE INSURANCE CO., ET AL. | * | SECTION "L" (2) |

### ORDER & REASONS

Pending before the Court are the Defendant New York Life Insurance and Annuity Corporation's ("NYLIAC") Motion to Abstain or, Alternatively, Stay (Rec. Doc. 20) and the Defendant First Variable Life Insurance Company's ("FVLIC") Motion to Abstain, or Alternatively Motion to Stay (Rec. Doc. 21). For the following reasons, the motions are GRANTED.

**I.   BACKGROUND**

On May 17, 1999, the Defendant Mersedeh Ebrahimi, an agent for NYLIAC, and Mohammad Mahbod entered into a contract of variable universal life insurance. Mr. Mahbod alleges that Ebrahimi, acting as an agent for NYLIAC, told him that he would receive a fully paid up life insurance policy with a face value amount of $500,000 in the event of his death in return for a premium of $692.69 per month for five years. Mr. Mahbod alleges that he was told that he would not be required to pay additional premiums after the five year period.

Mr. Mahbod further alleges that Ebrahimi approached him on August 31, 2000, and informed him that as a result of a medical examination in which he admitted to smoking on occasion, he was now considered a non-preferred risk and would have to pay premiums for ten years rather than five. Ebrahimi also allegedly told him that if he transferred the policy to

FVLIC, however, he would only have to pay the premiums for five years as originally promised, and he would be given a credit of approximately $10,000 for the money previously paid in premiums.  Mr. Mahbod subsequently agreed to the transfer of the policy to FVLIC.

On June 30, 2001, Mr. Mahbod's wife, Parvanah Mahbod, entered into a contract of variable life insurance with Ebrahimi, acting as agent for FVLIC.  Mrs. Mahbod alleges that she was told that she would receive a fully paid up life insurance policy having a face value of $250,000 in the event of her death in return for a premium of $171.88 per month for five years.

Mr. Mahbod alleges that in April of 2003, he learned that his new FVLIC policy required him to pay premiums for the rest of his life as opposed to five years as he was told.  Additionally, he alleges that although he was promised a credit of approximately $10,000 towards his new policy, he only received a credit of $3,468.  Mrs. Mahbod states that after hearing this news she called the main office of FVLIC in an attempt to verify the terms and conditions of her policy and found out that she would have to pay premiums on her policy until she was ninety-four years old.

On August 21, 2003, Mr. Mahbod brought suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against NYLIAC, Ebrahimi, and FVLIC.  Mr. Mahbod's state court action sought nullification and damages in connection with his purchase of the insurance policies.  He alleged that he purchased the policies based on Ebrahimi's misrepresentations, and that he suffered damages as a result.

On the same day that Mr. Mahbod brought his suit, Mrs. Mahbod brought a separate suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Ebrahimi and FVLIC.  She also sought damages and nullification based on the alleged fraudulent misrepresentations of Ebrahimi.  NYLIAC was not named as a defendant in this lawsuit because

it did not sell Mrs. Mahbod any insurance policies.  The current status of Mrs. Mahbod's state court action is not clear.

On May 26, 2005, NYLIAC filed a motion for summary judgment in Mr. Mahbod's state court action on the ground that his claims were perempted and/or prescribed under Louisiana law.  The trial court granted summary judgment in NYLIAC's favor on August 3, 2005.  A final judgment was entered on August 22, 2005, and Mr. Mahbod has appealed the judgment dismissing his state court claims.

On July 28, 2005, Mr. and Mrs. Mahbod (collectively the "Plaintiffs") brought the present action against Ebrahimi, NYLIAC, and FVLIC.  On November 23, 2005, the Plaintiffs amended their complaint to include as a Defendant Seyed Hashemian, an agent of NYLIAC, alleging that he participated in similar deceptive schemes.  Plaintiffs' claims rest on several different theories of liability, including Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, breach of contract, civil conspiracy and unfair trade practices.  Based on these theories, the Plaintiffs seek damages for losses suffered as a result of the Defendants' actions.

## II.     PRESENT MOTIONS

In its Motion to Abstain or, Alternatively, Stay, NYLIAC requests that the Court decline federal jurisdiction in this matter on abstention grounds.  NYLIAC asserts that the original complaint filed by the Plaintiffs in this Court is parallel to Plaintiffs' previously filed state court proceedings, involving virtually identical parties and allegations, and that abstention is warranted under the *Colorado River* doctrine.  Alternatively, NYLIAC requests that this Court stay proceedings in this case until there is a final determination in Mr. Mahbod's state court action.  The Plaintiffs oppose this motion, arguing that the state and federal cases and the circumstances

involved in each do not merit abstention under the *Colorado River* doctrine.

**III.   LAW AND ANALYSIS**

    **A.   *Colorado River* Abstention Factors**

This Court may abstain from the exercise of jurisdiction to promote wise judicial administration, conservation of judicial resources, and comprehensive disposition of actions when concurrent proceedings exist.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  However, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly placed before it."  *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959).  As such, the use of the doctrine is the exception as opposed to the rule.  *Colorado River*, 424 U.S. at 813.

Abstention under the *Colorado River* doctrine requires an initial showing that the state and federal court proceedings are "parallel."  *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).  Actions are parallel when they involve the same parties and the same issues.  *See Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987).  However, there "need not be applied in every instance a mincing insistence on precise identity" of the parties and issues.  *Id.*

Here, the state and federal actions are parallel.  The Plaintiffs initially filed similar individual state court actions; Mr. Mahbod brought his claim against Ebrahimi, NYLIAC and FVLIC; Mrs. Mahbod brought hers against Ebrahimi and NYLIAC.  In this Court, the Plaintiffs subsequently brought an action against Ebrahimi, NYLIAC, FVLIC, and one new Defendant, Hashemian.  In addition, the state and federal proceedings arise out of substantially similar facts, namely Ebrahimi's alleged misrepresentations as to the payment periods for the various life insurance policies.

The *Colorado River* doctrine next requires an examination of a variety of factors in order to determine if exceptional circumstances exist that justify a decline of jurisdiction. These factors include: (1) whether either court has assumed jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) whether piecemeal litigation can be avoided; (4) the order in which the state and federal courts obtained jurisdiction; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) whether the rights of the party invoking federal jurisdiction can be protected in state proceedings. *Colorado River,* 424 U.S. at 817-19; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. In assessing whether abstention is warranted, the federal court must keep in mind that "the balance [should be] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). With this directive in mind, the Court will now analyze the *Colorado River* factors.

  **i.**  **Assumption by Either Court of Jurisdiction Over a *Res***

Neither this Court nor the state court has exercised jurisdiction over any *res* or property. However, the absence of this factor is not neutral. Rather, the absence of this factor weighs against abstention. *Murphy*, 168 F.3d at 738.

  **ii.**  **Relative Inconvenience of the Forums**

Both the state and the federal proceedings are in close proximity to one another in southeastern Louisiana. Thus, the state forum is not more or less convenient than the federal forum. The absence of this factor weighs against abstention. *Id*.

  **iii.**  **Avoidance of Piecemeal Litigation**

Piecemeal litigation can exist when there is more than one plaintiff, one defendant, and one issue. *See Murphy*, 168 F.3d at 738. This case involves two plaintiffs, four defendants, and multiple causes of action. To the extent that the federal and state cases under consideration are merely duplicative, however, this should not be a factor considered in an abstention determination. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). Moreover, in the *Colorado River* case, the Court sought to avoid inconsistent rulings with respect to a piece of property. *See id.* As noted, no property is involved in this case.

Nevertheless, when there is not complete identity of the parties and issues, the avoidance of piecemeal litigation and resultant inconsistent rulings are appropriate factors to be examined. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). Here, the Plaintiffs' federal action is not merely duplicative of their state court actions as there are different defendants and additional claims. Although a plea of *res judicata* after the completion of the state court suit could reduce the possibility of inconsistent judgments, as the litigation currently exists the third factor favors abstention. *Id.*

### iv.     Order in Which Jurisdiction Was Obtained

When examining the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, the state court actions have progressed to a much greater extent than their federal court counterpart. The state court actions were filed by Mr. and Mrs. Mahbod on August 21, 2003, over three years ago. Significant discovery has occurred in those actions, and on August 3, 2005, the state court granted NYLIAC's motion for summary judgment dismissing Mr. Mahbod's claims. Mr. Mahbod's appeal is pending in state court.

On July 28, 2005, one week before summary judgment was granted in state court, the Plaintiffs filed the instant case in federal court. In contrast to the progression in state court, the instant case has not progressed past the filing of the complaint. "The apparent absence of any proceedings in the District Court, other than the filing of the complaint," favors abstention. *Colorado River*, 424 U.S. at 820. Moreover, the fact that the parallel state court action is on appeal strengthens the need for abstention. *See Bd. of Educ. of Valley View Cmty. Unit Sch. Dist. No. 365U v. Bosworth*, 713 F.2d 1316, 1321-22 (7th Cir. 1983); *Melo v. Gardere Wynne Sewell LLP*, No. 3-04-CV-2238, 2005 WL 991600 (N.D. Tex. Apr. 21, 2005) (staying nascent federal action where parallel state action dismissed on statute of limitations grounds was on appeal).

### v. Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits

The presence of a federal law issue must always be a major consideration weighing against surrender of jurisdiction, whereas the presence of state law issues weighs in favor of surrender only in rare circumstances. *See Moses H. Cone*, 460 U.S. at 26; *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). Here, the Plaintiffs rely on their RICO claim in asserting federal jurisdiction. Although their complaint also contains state law causes of action, the presence of a federal question weighs against abstention. *Murphy*, 168 F.3d at 739.

However, "the source-of-law factor has less significance . . . [where] the federal courts' jurisdiction to enforce [the statutory rights in question] is concurrent with that of the state courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 342 (6th Cir. 1998) (quoting *Moses H. Cone*, 460 U.S. at 25). Here, state courts have concurrent jurisdiction to consider civil RICO claims. *See Tafflin v. Levitt*, 493 U.S. 455 (1990); *Devoe Napco Protective Coatings v. Surface*

*Preparation & Coating Enters. Inc.*, 558 So. 2d 1217 (La. Ct. App. 1990).  Therefore, while the presence of RICO claims is an important factor, "its significance is seriously diminished in light of the circumstances." *Romine*, 160 F.3d at 342.

      vi.      **Adequate Protection in State Court**

This factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193.  The Plaintiffs argue that their federally protected rights against mail and wire fraud are not protected under state law.  This is not the case.  As noted, Louisiana state courts have concurrent jurisdiction to consider civil RICO claims.  Indeed, the Defendants argue that the Plaintiffs have been litigating claims virtually identical to their RICO claims in state court for three years.  The fact that the state courts have concurrent jurisdiction in civil RICO cases "further bolsters the adequacy of the state-court action to protect [the Plaintiffs'] federal rights."  *P&P Mktg., Inc. v. Ditton*, 746 F. Supp. 1354, 1373 (N.D. Ill. 1990).  Furthermore, the non-RICO causes of action asserted in the Plaintiffs' suit are based on Louisiana law, which belies the argument that they would not have adequate protection in Louisiana state court.  Given that the Plaintiffs have adequate protection in state court, this factor is neutral in regards to abstention.

    **B.**    **Summary of *Colorado River* Analysis**

The *Colorado River* abstention factors do not all point in the same direction.  Two factors favor abstention, three factors weigh against abstention, and one factor is neutral.  However, a careful consideration of all of these factors leads the Court to the conclusion that abstention is warranted.

The two factors that favor abstention in this case, avoiding piecemeal litigation and the order of obtaining jurisdiction, overwhelmingly outweigh the remaining factors.  As noted, the

state court obtained jurisdiction almost three years before this Court, and the parallel state court cases have progressed through discovery, whereas this case has not progressed beyond the filing of the complaint. Moreover, Mr. Mahbod's state court case is on appeal, further strengthening the need for abstention. In addition, if this case were to proceed, the parties and the courts would be faced with piecemeal litigation and the potential for inconsistent judgments.

Of the remaining factors, only one carries much weight, and that is the fact that federal law will govern the Plaintiffs' RICO claims. However, the state courts have concurrent jurisdiction in civil RICO cases, and thus the source-of-law factor only slightly weights against abstention in this case.

### IV. CONCLUSION

Where there are parallel federal and state actions in personum, as here, "each court may proceed to adjudicate the controversy independently despite the pendency of a similar suit in the other court." *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 677 (5th Cir. 1973). However, in the interest of federal-state comity, a federal court can nevertheless stay a parallel proceeding to avoid interference and duplication of effort. *See id.*; *Thompson v. Boyle*, 417 F.2d 1041 (5th Cir. 1969). Given the progression of the proceedings in state court and the potential for piecemeal litigation and inconsistent judgments, IT IS ORDERED that the Defendants' Motions to Stay are GRANTED, and that this case is STAYED until final resolution of the state court proceedings.

New Orleans, Louisiana, this   23rd   day of    August   , 2006.

_____
UNITED STATES DISTRICT JUDGE